BROCKMAN, Plaintiff in Error, *vs.* DESSAINT, Defendant in Error.

1. A contract to make and deliver a written lease of a building, is a contract relating to land or some right or interest therein, within the meaning of section 1, of the act of 1853, (Sess. Acts, 1853, p. 90,) establishing the Land Court, and the Land Court has exclusive jurisdiction of actions for the breach of such contracts, and that, too, although the parties stipulate that in case of a refusal to execute the lease agreed upon, a certain sum should be paid by way of stipulated damages.

*Error to St. Louis Court of Common Pleas.*

The facts are sufficiently stated in the opinion of the court.

C. *Gibson*, for plaintiff in error.

S. *Reber*, for defendant in error.

RYLAND, Judge, delivered the opinion of the court.

This is an action for failing to execute a lease for a lot of ground in St. Louis, for the term of three years, on the following agreement :

"This memorandum of agreement, made and entered into this twenty-second day of December, in the year of our Lord eighteen hundred and fifty-three, by and between L. C. Dessaint, party of the first part, and George Brockman, of the second part, both of the city and county of St. Louis, state of Missouri, witnesseth : That the said party of the first part promises to lease his furniture store, situated No. 116 North Second street, in St. Louis, Mo., for the term of three years, at the rate of twelve hundred dollars per annum, payable quarterly, and also promises to put the party of the second part in possession of the store on the first of March, or at any time between the first day of May, 1854, and not later ; and, if any failure on the part of the said Dessaint for not complying with the above agreement, he hereby promises to pay the party of the second part the sum of one thousand dollars for damages

for not delivering and executing a lease for the said store; and the said George Brockman promises and agrees, at the time above specified, to furnish all the furniture and materials in the said store and in the shop generally kept in cabinet manufactory, and to execute four promissory notes to the said Dessaint, payable in the following manner: One at ninety days and one at six months, and one at nine months, and one at twelve months from the time the possession is given; the amount of all the notes not to exceed twenty-five hundred dollars, for the said stock and materials and furniture in the said store No. 116 Second street; and if any failure on the part of the said Brockman in not complying with the agreement mentioned in this contract, he promises to pay to the said Dessaint the sum of $1000 for not fulfilling his contract.

"L. C. DESSAINT, (seal.)

"GEORGE BROCKMAN," (seal.)

Plaintiff claims damages at $1000, with interest and costs. The suit was brought in the St. Louis Court of Common Pleas.

The defendant demurred to the petition, setting forth two causes: First, that the court below had no jurisdiction of the action; secondly, that the agreement was without consideration.

The court sustained the demurrer, and the plaintiff brings the case here by writ of error.

In our opinion, the demurrer was well sustained. This action was upon a contract relating to land, or some right or interest therein. The Land Court was the proper tribunal. The plaintiff likens it to an action of debt for the $1000, for stipulated damages; still, the action is defended upon a breach of a contract to lease a house and lot, and without wishing to say any thing in regard to the fact whether the damages are to be considered as fixed and determined, there can be no damages unless the contract be broken. It is, therefore, the breach of this contract to make a lease for the term of three years that gives rise to this action. This contract is relating to land—to some right and interest in real estate. The action must there-

fore, under the broad terms of the Land Court law, fall within its jurisdiction. This settles the present case, without going any further.

The judgment is affirmed, all the judges concurring.